(No. 6530.   May 10, 1938.)

D. M. FAIRBANKS, Appellant, v. S. B. FAIRBANKS and
MARY R. FAIRBANKS, His Wife, Respondents.

[80 Pac. (2d) 17.]

(1)

Wilkie & Wilkie, for Appellant.

S. H. Atchley, for Respondents.

AILSHIE, J.—This action was instituted by appellant to foreclose an alleged vendor's lien predicated on the sale of certain personal property and real estate. The lamentable feature of the case is the fact that appellant and respond-

ent are brothers and are both well advanced in years. It seems that some time in 1929 they had an oral agreement by which appellant was to sell, and respondent was to purchase, 160 acres of land and 18 head of cattle; and respondent went into possession at that time. October 31, 1931, a written contract was entered into in which appellant agreed to sell and respondent to purchase "fifteen head of Grade Holstein Cows and Heifers and 3 red and white Durham cows, now in the possession of the said second party; and the following described real estate," (describing it) for which respondent agreed to pay $2,700 as follows:

"Three Hundred and no-100 ($300.00) Dollars, cash as first payment, receipt whereof is hereby acknowledged, with no further payments for a period of five years from date hereof, and then the Party of the First Part agrees to pay the remaining Twenty-four Hundred and no-100 Dollars at the rate of Two Hundred and no-100 (200.00) per year (*sic*), with interest on deferred payments at the rate of 7% per annum from date hereof, such interest payable Annually on October 31st of each year.

"For and in consideration of the keeping of this agreement by said second party, the said first party agrees to give to the said second party a Warranty Deed, free and clear of all encumbrances to the Real Estate hereinabove described in this agreement. (Except Taxes.)"

The $300 mentioned in the contract was paid at the time of its execution. No other payment of interest or principal was made, if at all, until May 14, 1932, at which time appellant executed and delivered to respondent a deed of conveyance which stated a "consideration of the sum of one dollar and other good and valuable consideration." It is contended by respondent that a new contract was made at that time, as to the amount of the purchase price to be paid, and that payment of the agreed new consideration was made in full, which contention is denied by appellant; and this difference comprises the entire controversy in this case. Later and about the 10th of September, 1935, appellant filed with the recorder of Teton county a claim for vendor's lien amounting to $2,400 together with accrued interest. This suit was later commenced to foreclose the lien.

On the trial a jury was impaneled and the following questions were submitted to them:

"Interrogatory No. 1.

"Question: Did the plaintiff and the defendant, subsequent to the execution of the written contract set out in plaintiff's complaint, and prior to the time the payments came due thereunder, enter into a verbal agreement by the terms of which the defendants were to pay to the plaintiff the sum of $2000.00, partly in cash and part in consideration of the payment by defendants of certain taxes, in full satisfaction, settlement and extinction of the contract?

"Interrogatory No. 2.

"Question: If your answer to the foregoing question is in the affirmative, then did the defendants pursuant to such subsequent verbal agreement, pay to the plaintiff, in accordance therewith, the full sum of $2000.00, partly in cash, and partly by the payment of the taxes mentioned?"

Ten of the twelve jurors answered each of the questions in the affirmative; the other two jurors declined to join in these answers. The trial court adopted the verdict of the jury as the finding of the court and entered judgment thereon in favor of respondent. Thereafter appellant moved for a new trial on the grounds of surprise and newly discovered evidence. The court denied the motion and this appeal is from the judgment and from the order denying a new trial.

Objection was made by appellant to the admission in evidence of respondent's exhibit 2, being tax receipt for $49.20 paid December 12, 1935. That did not constitute any consideration to appellant for the reason that, under the original written contract of sale, appellant specified that he *was not to warrant the title against taxes*. On the other hand it was competent for the parties to consider this item of taxes, in computing and fixing a new and different consideration to be paid, if they mutually desired to do so.

Upon cross-examination of respondent he was shown a carbon copy of a letter dated August 31, 1936, which purported to have been written by appellant to respondent, stating the amount due and making demand for payment.

Respondent stated that he thought that he received the original but did not have it with him. Counsel then offered to introduce the carbon copy, to which objection was made and sustained on various grounds. The fact that demand had not been made for the production of the original, in accordance with the provisions of sec. 16-411, I. C. A., was not sufficient ground for rejecting the copy, where the respondent admitted that he had received the original. Furthermore, this having been a communication between the parties to the litigation, concerning the matter involved, rendered the communication admissible as a part of the cross-examination of the witness and relieved it from the objection that it was hearsay. We do not think, however, that the ruling of the court in rejecting this exhibit (''A'') was prejudicial error, as the substance of all it contained was covered by the oral testimony.

Appellant's objection to Instruction No. 6 is not well taken. The court properly instructed the jury that the burden of proof was on the respondent to prove that ''the plaintiff agreed to accept $2,000 in cash in full settlement for the land and cattle involved.'' Insertion of the word ''fair'' preceding the word ''preponderance'' did not materially affect the instruction or prejudice anyone.

Considerable discussion is indulged in in the briefs over motions to strike counter affidavits, but we pass that aside without considering it, for the reason that we have concluded that a new trial should be granted. Our reasons for granting a new trial will be stated very briefly, in view of the fact that we do not mean to make any comment on the value or weight of any evidence, as that must be considered and heard again by the court, or by the court and jury, as the case may be.

The trial of this case was opened and concluded the same day. Appellant claimed that he had not been paid the balance of the purchase price, that is, the $2,400 together with accrued interest. Respondent claimed that he had an agreement with appellant that he should pay him $1,870 cash, pay back taxes of approximately $30 and the balance as he could raise the money and make payments; and that at the

time of the latter agreement he actually paid $1,870 to appellant and later paid the taxes; and that at different times he made small payments, making the aggregate total sum of $2,000 agreed upon. At the trial he produced his brother Frank who testified to counting the money at the time it was paid at appellant's home. Appellant claims he was taken by surprise by the testimony of his brother Frank; that the testimony was untrue and that he had no way of knowing that he would so testify; that later he discovered a witness who would testify to statements made by Frank prior to the trial that would tend to contradict his testimony. He also claimed and produced an affidavit to support his contention that he discovered where respondent had made statements prior to the trial which, if made, would tend to contradict his testimony that he had paid for the land, and that he had no way of discovering these statements prior to the trial. Respondent testified at the trial that he raised the larger part of the $1,870 from the sale of potatoes, but he was unable to answer on the witness-stand as to when he sold the potatoes or to whom he sold them or when or by whom they were shipped, or the amounts realized from the sale.

On motion for new trial appellant produced an affidavit from the railway agent covering the shipments of potatoes for the period of time mentioned in respondent's testimony, which disclosed no shipments by respondent. Evidence of other statements contradictory to the testimony given on the witness-stand was produced on this motion which it appears could not reasonably have come to appellant's notice prior to the trial.

In view of the peculiar situation of the parties and the character and nature of this controversy, we feel that a new trial should be granted and that the parties should be given another opportunity of producing their witnesses in court and subjecting all the parties to examination and cross-examination on the witness-stand. Either someone has a very faulty memory or has deliberately testified falsely. There ought to be some way of more satisfactorily establishing and settling the merits of this case than as it now stands.

For these reasons the judgment is reversed and a new trial is ordered, and the costs of this appeal will be taxed against the losing party at the trial in the district court.

Holden, C. J., and Morgan, J., concur.

Budge and Givens, JJ., dissent.